UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14019-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACOB KOORNNEEF,

    Defendant.
_____/



FILED by _____ D.C.

JUN - 7 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATIONS 1 AND 3 AS SET FORTH IN THE
PETITION FOR VIOLATIONS OF SUPERVISED RELEASE**

**THIS CAUSE** having come on to be heard for a preliminary and final hearing in respect to the pending Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing wherein the Defendant advised this Court that he wished to admit Violations Numbers 1 and 3 of the Petition, this Court recommends to the District Court as follows:

    1.    The Defendant appeared before this Court on June 7, 2013 for a preliminary and final hearing in respect to a Petition Alleging Violations Of Supervised Release. That Petition alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about May 22, 2012, in Highlands County, Florida, the defendant committed the offense of damage property-criminal mischief, contrary to Florida Statute 806.13.1b2. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. on or about May 22, 2012, in Highlands County, Florida, the defendant committed the offense of burglary of an unoccupied dwelling unarmed, contrary to Florida Statute 810.02.3b. |

      **Violation Number 3**    **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about May 22, 2012, in Highlands County, Florida, the defendant committed the offense of possession of burglary tools with intent to use, contrary to Florida Statute 810.06.

2.    After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 and 3 as set forth in the Petition. The government announced that it agreed to dismiss Violation Number 2 of the Petition.

3.    The government announced the possible maximum penalties which the Defendant was facing. The Defendant stated that he understood those penalties. This Court questioned the Defendant and made certain that he understood his rights in regards to an evidentiary hearing in respect to Violations Numbers 1, 2, and 3. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4.    The Defendant has stipulated to pretrial detention in this case. This Court will enter an separate Order in respect to that matter. Additionally, the Defendant stipulated to probable cause. This Court questioned the Defendant on the record and is satisfied that he understands his rights in regard to both a detention hearing and a preliminary hearing. Based upon the agreement with the government, the Court proceeded immediately into a change of plea concerning the final hearing in this matter.

5.    As additional facts, it was established on the record that the pending violations arise from the Defendant's arrest on state charges. The record reflects that he has pled guilty in state court to criminal mischief, trespass, and possession of burglary

tools. The Defendant was sentenced to a period of 364 days with credit for time served in respect to the criminal mischief and trespass misdemeanors. The Defendant received a sentence of five years probation on the possession of burglary tools which is a felony. A copy of the judgment and conviction in the state case was admitted into evidence as Government's Exhibit Number 1 at the change of plea hearing.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 and 3 under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1 and 3 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 7th day of June, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Theodore M. Cooperstin
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal